UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION
IN RE

PAULA ABBAMONTE,

DEBTOR.

CHAPTER 13

CASE NO. 18-74154-ast

## OBJECTION TO CONFIRMATION

Alexandros E. Tsionis, Esq., an attorney admitted to practice in this Court, affirms the following under penalty of perjury:

1. I am an associate with Shapiro, DiCaro & Barak, LLC, attorney for Nationstar Mortgage LLC as Servicer for U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ Pass-Through Trust X ("Nationstar"), and am familiar with the facts and circumstances surrounding this matter.

2. Nationstar holds a mortgage on the Debtor's real property known as 17 Avenue B, Port Washington, NY 11050 (the "Property").

3. Nationstar hereby objects to the Debtor's proposed Chapter 13 Plan for the following reasons:

4. First, Nationstar will be filing a Proof of Claim for pre-petition mortgage arrears in the approximate amount of $234,458.25, which will be filed with the Court by the bar date of August 28, 2018. The Plan does not list pre-petition mortgage arrears and makes no provision for full payment of the pre-petition mortgage arrears in violation of 11 U.S.C. § 1325(a)(5)(B)(ii). Although the Plan does not request loss mitigation as Judge Trust is a non-participating Judge, the Plan does seek a mortgage modification. However, the outcome of that process is inherently

uncertain. As such, the Plan fails to address the possibility of the failure of obtaining a mortgage modification or obtaining one with different terms than those suggested in the Plan.

5. Second, the Plan is not adequately funded. The Plan does not contain funds sufficient to pay Nationstar's pre-petition mortgage arrears in full as required by 11 U.S.C. § 1325(a)(5)(B)(ii).

6. Third, the Plan is not feasible. The Plan proposes to pay the Trustee $3,900.00 per month for 60 months. However, the Debtor's Schedule J provides for a mere $3,873.33 per month in disposable monthly income. As a result, the Debtor's monthly plan payment exceeds the debtor's disposable monthly income making the Plan not feasible. Further, the Plan makes no provision as to how the Debtor will make up the difference in order to meet the plan payment obligations. Thus, the Plan is not feasible.

7. Finally, the Plan does not provide for the making of the regular monthly note and mortgage payments by Debtor as required by 11 U.S.C. § 1322(b)(5).

8. It is respectfully submitted that by reason of the foregoing, Nationstar has not been adequately provided for in the Plan.

**[Intentionally Left Blank]**

**WHEREFORE**, the undersigned respectfully requests the Debtor to amend their Chapter 13 Plan to reflect the proper mortgage arrears as specified earlier or, in the absence of an amendment to the Plan, the undersigned respectfully requests an Order of this Court denying confirmation of Debtor's Chapter 13 Plan pursuant to Bankruptcy Code Section 1325 and such other and further relief as may be just and proper.

Dated: July 3, 2018                                     Respectfully submitted,

/s/ *Alexandros Tsionis*
Alexandros E. Tsionis
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC as Servicer for U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ Pass-Through Trust X
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525